THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES J. STEVENSON JR., <br> N88160, <br><br> Plaintiff, <br><br> vs. <br><br> MORGAN TAYLOR, <br> WARDEN FAVERRE,[1] <br> DR. TRAN, <br> GARY GERST, <br> DEBBIE ISSACS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:22-cv-02605-GCS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Charles J. Stevenson, Jr., an inmate of the Illinois Department of Corrections ("IDOC") currently detained at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff alleges that the Defendants have exhibited deliberate indifference towards his serious dental needs. He seeks monetary compensation and dental care.

The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner

---

[1] Warden Faverre was listed on the cover page of Plaintiff's Complaint, but inadvertently was not added in the CM/ECF System. The Clerk of Court is DIRECTED to ADD Faverre.

[2] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections's and

complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that he has been suffering from excruciating pain in his mouth, for which he has repeatedly sought, but has not received adequate care. (Doc. 1, p. 6-7). Although he does not provide many dates in his factual narrative, exhibits to his complaint suggest that his problems began in July of 2022 when he arrived at Big Muddy from Graham Correctional Center, and his issues continue to date. *Id.* at p. 21. He alleges he went to the dentist for the first time sometime in August. Id. at p. 7. He was examined, and the dentist commented he would not have any relief until all his teeth were removed; he was also provided with ibuprofen and antibiotics. Two to three weeks later, the dentist pulled two teeth and told him the rest would be pulled at a follow-up visit. A month later at a follow-up, the dentist said he needed to order a special tool to remove his teeth.

At the next appointment, the dentist administered ten syringes of anesthesia, and pulled two teeth. The needle of the syringe broke multiple times, which frustrated the dentist. The anesthesia was not working, and Plaintiff was in extreme pain, so the dentist

---

Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

stopped the procedure and applied stitches. (Doc. 1, p. 8). After returning to his cell, Plaintiff realized the stitches were unfinished or were coming undone. He returned to the dental unit and was again stitched up. Upon the second return to his cell, the stitches came undone again, but the dentist had already left for the day. He felt a sharp pain in his gum and used his finger to extract the tip of a needle from his gums. *Id.* at p. 9.

About two weeks later, Plaintiff went to sick call because he was out of pain medication. The nurse provided "orajel" and ibuprofen and referred him to the physician's assistant. The same week Plaintiff saw Defendant P.A. Gary Gerst. Gerst stated he was not a dentist but proceeded to use a tongue depressor to examine Plaintiff's mouth. He hit Plaintiff's teeth and gums which caused Plaintiff pain. Gerst prescribed antibiotics and ibuprofen. Plaintiff grieved the incident to Defendant Debbie Issacs (the healthcare administrator) and the Warden of Operations. (Doc. 1, p. 10). The grievance was denied because he had a future scheduled dental appointment. The September 29th appointment was cancelled. *Id.* at p. 11. When he asked an employee at the healthcare unit about the cancellation, he was told many people were waiting to get teeth pulled; in the interim, Plaintiff's dental diet tray was renewed.

A week or so after the cancelled appointment, Plaintiff was given a pass to see the dentist because his gums were infected, and his face was swollen. He was given antibiotics, but no teeth were removed due to his abscessed gums. (Doc. 1, p. 12).

On October 29, Plaintiff reported to the dental unit and encountered other inmates who had teeth pulled that day. When he personally saw the dentist and assistant, they asked if he would prefer a puree tray or a soft food diet. (Doc. 1, p. 13). He said he did

not want either because he needed teeth pulled, but they walked away. At dinner time, he was served six cups of liquid. *Id.* Plaintiff began to eat less because his teeth were in such pain that it was not possible to eat. *Id.* at p. 13-14. He was briefly placed in segregation on a hunger strike; however, Plaintiff indicated he was not on a hunger strike but simply could not eat due to pain. *Id.* at p. 13-16.

Around November 8, 2022, a correctional officer told Plaintiff he could stop reporting for daily vital checks because he was no longer on a hunger strike. He replied that he was never on a hunger strike but was simply in such pain he could not eat. (Doc. 1, p. 16). Plaintiff alleges that by this time, he had been in severe pain for six months with needless delays. He suffers headaches and dry sockets. He has teeth sticking out of his gums, and it is so painful he has trouble eating, sleeping, or even drinking water. Id. at p. 17. Plaintiff further alleges he filed a grievance about P.A. Gerst, but he has not received copies back yet from Springfield. He also alleges that when his property was searched in relation to the hunger strike, some of his documents disappeared. In closing, he alleges his situation constitutes deliberate indifference based on his letters, requests, notes, and grievances about the same.

As relief, he seeks monetary compensation and relief from Wexford's policy to deny inmate's proper medical and dental treatment. He also seeks a fix for his dental issues. (Doc. 1, p. 19). In support of his complaint, he submitted some grievance documentation and a letter to an Illinois licensure board about Gerst. He also submitted supplemental exhibits.

Based on the allegations in the Complaint, the Court designates the following count:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Dr. Tran and Gerst concerning the care they provided for Plaintiff's dental situation.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(stating that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

An Eighth Amendment claim arising from the denial of dental care consists of an objective and a subjective component. *See Berry v. Peterman*, 604 F.3d 435, 439–440 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (*i.e.*, an objective standard) and show that each defendant responded with deliberate indifference (*i.e.*, a subjective standard). *Id.*

The allegations in Claim 1 suggest that Plaintiff suffered from extreme dental pain and repeated infections over the course of six months or more. He alleges that the dentist did not follow thru on treatments that were commenced and some of the treatments were unsuccessful or caused significant pain. He also alleges that Gerst caused him pain during an exam. The Court notes that Plaintiff only referred to the dentist by the generic term "dentist" in his factual narrative, but he only named one dentist as a defendant, so the

Court interpreted his complaint broadly as if Plaintiff spoke of Dr. Tran in the factual narrative. Claim 1 is sufficient to proceed against Dr. Tran and Gerst under the Eighth Amendment.

By contrast, the complaint is insufficient against Defendant Issacs for her role in the oversight of grievances. A healthcare administrator who is not aware of a specific patient's need for care is not generally liable under § 1983. *See, e.g., Miller v. Larson*, No. 18-2347, 756 Fed. Appx. 606, 610 (7th Cir. Dec. 14, 2018)(finding that claim against defendant who oversaw the medical staff was properly dismissed because she was not responsible for individualized patient care and did not know about the danger plaintiff faced from medical staff). A medical director sued under § 1983 also cannot be held liable absent personal involvement. *See Smith v. Rohana*, No. 10-3402, 433 Fed. Appx. 466, 469 (7th Cir. July 20, 2011). *See also Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010)(noting that a supervisor must know about and personally be involved in unconstitutional treatment to be held liable for inadequate care; mere supervisory status does not make a defendant responsible). Plaintiff's allegations do not suggest that Defendant Issacs received and willfully ignored his grievances or directly participated in his dental situation, so the allegations against her are insufficient.

Plaintiff's allegations against Defendants Taylor and Faverre are also insufficient because he named them in the caption of the complaint but did not describe their personal actions in the complaint. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, Plaintiff has not mentioned

these defendants by name in the factual allegations of his complaint. If a defendant is named in the caption of a case, but no claim is presented against that defendant in the body text, the claim may be dismissed without prejudice as to that defendant. *See, e.g., Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994)(indicating that it is appropriate to dismiss a defendant if he is named, but where there is no sufficient allegation of personal involvement). Accordingly, the claims against Defendants Taylor and Faverre are dismissed without prejudice.

Finally, the Court notes that Plaintiff mentioned Wexford in his demand for relief, but he does not have a substantive claim against Wexford. Without a claim against Wexford, Plaintiff cannot seek relief from this party.

## MOTION FOR COUNSEL

Plaintiff also moved for recruited counsel. (Doc. 6). When presented with a request to appoint counsel, the Court must first make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654–655 (7th Cir. 2007). Plaintiff represents that he has contacted attorneys, although he does not provide proof of these attempts. Nevertheless, the Court is not inclined to appoint counsel on Plaintiff's behalf at this time. Plaintiff's filings demonstrate an ability to advocate effectively. He writes clearly and presents relevant issues such that he appears competent to litigate this case at this time. Plaintiff's motion for recruitment of counsel (Doc. 6) is therefore **DENIED**

**without prejudice**. Plaintiff may move for recruited counsel again in the future if necessary.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Dr. Tran and Gary Gerst. The Clerk of Court is directed to **TERMINATE** Defendants Morgan Taylor, Warden Faverre, and Debbie Issacs from this lawsuit because there are no remaining claims against these defendants. Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is **DENIED** without prejudice.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dr. Tran and Gary Gerst: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. PROC. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

IT IS SO ORDERED.

DATED: March 30, 2023.

                                                                  _____

                                                                  **GILBERT C. SISON**
                                                                  **United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.