## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES STEVENSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GARY GERST, )<br>and )<br>DR. QUANG NGUONG TRAN, )<br>)<br>)<br>Defendants. ) | Case No. 3:22-cv-02605-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Before the Court is Defendant Tran's motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 50, 51). Defendant Tran also filed the required Federal Rule of Civil Procedure 56 notice to inform Plaintiff of the consequences of failing to respond to the motion for summary judgment. (Doc. 52). Specifically, Defendant Tran argues that Plaintiff failed to exhaust his administrative remedies because he did not timely complete the grievance process before filing his lawsuit as he did not properly appeal the denial of his grievance to the Administrative Review Board ("ARB"). Plaintiff also failed to sufficiently describe any issues/conduct regarding Defendant Tran. Plaintiff opposes the motion. (Doc. 53, 60). On October 24, 2023, the Court held a hearing on the motion, heard evidence and oral argument, and took the matter under advisement. Based on the following, the Court **GRANTS** the motion.

On November 9, 2022, Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center ("Robinson"), filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Big Muddy Correctional Center ("Big Muddy"). (Doc. 1). Specifically, Plaintiff alleges that the Defendants have exhibited deliberate indifference towards his serious dental needs. He seeks monetary compensation and dental care. The Court conducted a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 10). Plaintiff was allowed to proceed on the following claim:

> Count 1:    Eighth Amendment deliberate indifference claim against Dr. Tran and Gary Gerst concerning the care they provided for Plaintiff's dental situation.

## FACTS

Plaintiff was transferred to Big Muddy on July 13, 2022. Shortly thereafter, he filed an emergency grievance regarding his dental issues on July 22, 2022. (Doc. 1, p. 20). On July 25, 2022, the Chief Administrative Officer expedited the grievance. The next day, the grievance officer received the grievance and denied the grievance finding no evidence of wrongdoing and noting that Plaintiff was on the dentist line list to be seen on July 30, 2022. (Doc. 1, p. 20-21).

The parties agree that this is the only relevant grievance pertaining to the issues in this case that Plaintiff submitted *before* he filed his lawsuit on November 9, 2022. Plaintiff admitted that the grievance dated July 22, 2022, did not mention Defendant Tran by name, as he did not know Defendant Tran's name at that time. Further, Plaintiff admitted that he did not appeal this grievance to the ARB as he was supposed to see the

dentist on July 30, 2022. Lastly, Plaintiff also admitted that he did not file any other grievances related to his dental issues until *after* he filed this lawsuit on November 9, 2022. The record reflects that Plaintiff filed two grievances relating to his dental issues after he filed suit: one on November 17, 2022, and one on February 23, 2023. (Doc. 51-1; p. 33-35, 51-54). Both grievances were returned by the ARB to Plaintiff for failure to provide incident dates.

## LEGAL STANDARDS

Summary judgment is proper if the pleadings, discovery materials, disclosures and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The statute provides, in relevant part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." *Id.* (emphasis added).

Generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of triable fact exists. *See National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). However, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to

exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.*

Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Consequently, if a prisoner fails to use a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Under *Pavey*, the Seventh Circuit set forth the following procedures where failure to exhaust administrative remedies is raised as an affirmative defense:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without

being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 544 F.3d at 742.

As an inmate confined within the IDOC, Plaintiff was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the ARB. *See* 20 ILL. ADMIN. CODE § 504.850(a). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." *Id.* The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(e).

## DISCUSSION

Exhaustion of administrative remedies is an affirmative defense in an action against prison officials, and the burden of proof is on the officials. As stated previously, the parties agree that the grievance dated July 22, 2022, is the only one contained in the record which Plaintiff submitted regarding the issues in the case *before* he filed this lawsuit. Here, the undersigned finds that Defendants have met their burden of proof and that Plaintiff did not exhaust his administrative remedies with this grievance. There is no indication in the record that it was appealed to the ARB nor does Plaintiff point to any

evidence to suggest that it was fully exhausted. Specifically, the Court finds that Plaintiff failed to submit this grievance to the ARB as Plaintiff admits as much. The Seventh Circuit has stated that an inmate must exhaust his administrative remedies prior to filing suit, "a 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (citing *Ford*, 362 F.3d at 398-400). Thus, Plaintiff failed to exhaust his claims against Defendant Tran with the grievance dated July 22, 2022. Lastly, Plaintiff submitted the other two grievances *after* he filed his Complaint, and thus, those grievances cannot serve to exhaust his administrative remedies. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Chambers*, 956 F.3d at 984.

### CONCLUSION

Based on the foregoing, Defendants' summary judgment motion as to exhaustion of administrative remedies is **GRANTED**. (Doc. 50). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim against Defendant Tran. The Court **DIRECTS** the Clerk of the Court to enter judgment at the close of the case. Remaining in this case is Plaintiff's claim against Defendant Gerst.

IT IS SO ORDERED.

DATED:  October 25, 2023.

Digitally signed by Judge Sison
Date: 2023.10.25 14:47:40 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**